UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Jose Bernal,
and other similarly
situated individuals,

    Plaintiff(s),

v.

B I J Construction, Inc,
Jose J. Blanco, and Ivan Blanco,
individually,

    Defendants,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Jose Bernal and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants B I J Construction, Inc, Jose J. Blanco, and Ivan Blanco, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid regular and overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Jose Bernal is a resident of Collier County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant B I J Construction, Inc (from now on B I J Construction, or Defendant) is a Florida corporation having a place of business in Apopka, Orange County, within this Honorable Court Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4. The individual Defendants Jose J. Blanco, and Ivan Blanco were and are now the owners/partners/officers and managers of Defendant corporation B I J Construction. This individual Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint took place in Orange County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Jose Bernal as a collective action to recover from Defendants regular and overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "Act") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more

than forty (40) hours during one or more weeks on or after September 2023, (the "material time") without being adequately compensated.

7. Defendant B I J Construction is a construction company located at 2037 Picnic Lane, Apopka, FL 32703.

8. Defendant B I J Construction was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a construction company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a construction employee. Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

10. Defendants B I J Construction, Jose J. Blanco, and Ivan Blanco employed Plaintiff Jose Bernal as a non-exempt, full-time employee from approximately September 30, 2023, to November 30, 2023, or 9 weeks.

11. Plaintiff worked under the supervision of business owner Jose J. Blanco and manager Ivan Blanco.

12. During the relevant period, Plaintiff performed as a framer. Plaintiff's wage rate was $21.00 an hour. Plaintiff's overtime should be $31.50 an hour.

13. While employed by Defendants, Plaintiff worked weeks of five and six days. Plaintiff worked from Monday to Thursday from 7:00 AM to 5:30 PM (10.5 hours daily). From Monday to Friday, Plaintiff worked 48 hours weekly (Plaintiff has deducted 2.5 hours corresponding to lunchtime).

14. When Plaintiff worked six days, he worked on Saturdays from 7:00 AM to 3:30 (8.5 hours).

15. Thus, Plaintiff worked four weeks with 48 hours and 5 weeks with 56 hours.

16. Plaintiff was paid weekly for all his hours but he was not paid for overtime hours, as required by law.

17. Plaintiff signed timesheets, and Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

18. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

19. Plaintiff was paid with checks without paystubs providing accurate information such as the wage rate, number of days and hours worked, employee taxes withheld, etc.

20. Defendants fired Plaintiff on about November 30, 2024.

21. At the time of his termination, Defendants did not pay Plaintiff his last two weeks of work.

22. A substantial number of hours were not paid to Plaintiff at any rate, not even at the minimum wage rate, as required by law.

23. Plaintiff was not in agreement with his extended working hours and the lack of payment for regular and overtime hours.

24. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

25. At times mentioned, individual Defendants Jose J. Blanco, and Ivan Blanco were, and are now, the owners/partners/managers of B I J Construction. Defendants Jose J. Blanco, and Ivan Blanco were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair

Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in B I J Construction's interests concerning its employees, including Plaintiff and others similarly situated. Defendants Jose J. Blanco, and Ivan Blanco had financial and operational control of the business determining Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

26. Plaintiff Jose Bernal seeks to recover unpaid regular wages and overtime for every hour worked over 40 during his employment, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

27. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

28. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular hour and overtime compensation for every hour worked at the rate of time and one-half their regular rate.

29. This action is intended to include every construction employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

30. Plaintiff Jose Bernal re-adopts every factual allegation stated in paragraphs 1-29 above as if set out in full herein.

31. Defendants B I J Construction Jose J. Blanco, and Ivan Blanco employed Plaintiff Jose Bernal as a non-exempt, full-time framer from approximately September 30, 2023, to November 30, 2023, or 9 weeks.

32. During the relevant period, Plaintiff performed as a framer. Plaintiff's wage rate was $21.00 an hour. Plaintiff's overtime should be $31.50 an hour.

33. While employed by Defendants, Plaintiff worked weeks of five and six days. Plaintiff worked from Monday to Thursday from 7:00 AM to 5:30 PM (10.5 hours daily). From Monday to Friday, Plaintiff worked 48 hours weekly (Plaintiff has deducted 2.5 hours corresponding to lunchtime).

34. When Plaintiff worked six days, he worked on Saturdays from 7:00 AM to 3:30 (8.5 hours).

35. Thus, during his employment, Plaintiff worked four weeks with five days and 48 working hours and 5 weeks with six days and 56 working hours.

36. Plaintiff worked more than 40 hours weekly. He was paid weekly for all his hours, but he was not paid for overtime hours, as required by law.

37. Plaintiff signed timesheets, and Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

38. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

39. Plaintiff was paid with checks without paystubs providing accurate information such as the wage rate, number of days and hours worked, employee taxes withheld, etc.

40. Defendants fired Plaintiff on or about November 30, 2024.

41. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

42. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

43. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform

employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

44. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

   a. Total amount of alleged unpaid O/T wages:

   One Thousand One Hundred Seventy-Six Dollars and 00/100 ($1,176.00)

   b. Calculation of such wages:

   Total period of employment: 9 weeks
   Relevant weeks of employment: 9 weeks
   Regular rate: $21.00 an hour x 1.5=$31.50

   **1.- Overtime for 4 weeks with 48 hours**
   Relevant weeks: 4 weeks
   Total hours worked: 48 hours
   Tota unpaid O/T hours: 8 O/T hours
   Regular rate: $21.00 an hour x 1.5=$31.50
   O/T rate $31.50-$21.00=$10.50

   $10.50 x 8 O/T hours=$84.00 weekly x 4 weeks=$336.00

   **2.- Overtime for 5 weeks with 56 hours**
   Relevant weeks: 5 weeks
   Total hours worked: 56 hours
   Tota unpaid O/T hours: 16 O/T hours
   Regular rate: $21.00 an hour x 1.5=$31.50
   O/T rate $31.50-$21.00=$10.50

   $10.50 x 16 O/T hours=$168.00 weekly x 8 weeks=$840.00

      Total #1 and #2: $1,176.00

    c. <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid half-time overtime wages.[1]

45. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

46. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

47. Defendants B I J Construction, Jose J. Blanco, and Ivan Blanco willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

48. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff Jose Bernal and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Jose Bernal and other similarly situated individuals and against Defendants B I J Construction, Jose J. Blanco, and Ivan Blanco, based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Jose Bernal actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just

and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Jose Bernal demands a trial by a jury of all issues triable as of right by a jury.

**COUNT II:
F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:
FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

49. The plaintiff re-adopts every factual allegation in paragraphs 1-29 of this Complaint as if set out in full herein.

50. This action is brought by Plaintiff to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

   (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

   (B) $6.55 an hour, beginning 12 months after that 60th day; and

   (C) $7.25 an hour, beginning 24 months after that 60th day.

51. Defendants B I J Construction, Jose J. Blanco, and Ivan Blanco employed Plaintiff Jose Bernal as a non-exempt, full-time framer from approximately September 30, 2023, to November 30, 2023, or 9 weeks.

52. During the relevant period, Plaintiff performed as a framer. Plaintiff's wage rate was $21.00 an hour.

53. While employed by Defendants, Plaintiff worked weeks of five and six days. Plaintiff worked from Monday to Thursday from 7:00 AM to 5:30 PM (10.5 hours daily). From Monday to Friday, Plaintiff worked 48 hours weekly (Plaintiff has deducted 2.5 hours corresponding to lunchtime).

54. When Plaintiff worked six days, he worked on Saturdays from 7:00 AM to 3:30 (8.5 hours).

55. Thus, Plaintiff worked four weeks with five days and 48 working hours and 5 weeks with six days and 56 working hours.

56. Plaintiff was paid weekly for all his hours, but he was not paid for overtime hours, as required by law.

57. On or about November 30, 2024, Defendants fired Plaintiff.

58. At the time of termination, Defendants did not pay Plaintiff his last two weeks of work.

59. A substantial number of hours were not paid to Plaintiff at any rate, not even at the minimum wage rate, as required by law.

60. Plaintiff signed timesheets, and Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

61. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

62. Plaintiff was paid with checks without paystubs providing accurate information such as the wage rate, number of days and hours worked, employee taxes withheld, etc.

63. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated individuals.

64. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

65. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage

payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

66. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate. Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

   One Thousand Thirty-Two Dollars and 00/100 ($1,032.00)

   b. <u>Calculation of such wages</u>:

   Total period of employment: 9 weeks
   Total number of unpaid weeks: 2 weeks
   Total number of unpaid hours: one week of 56 hours and one week of 30 hours
   Regular rate: $21.00 an hour
   Fl Minimum wage 2023: $12.00

   1.- $12.00 x 56 hours=$672.00 weekly x 1 weeks= $672.00
   2.- $12.00 x 30 hours=$360.00 weekly x 1 weeks= $360.00

   Total #1 and #2: $1,032.00

   c. <u>Nature of wages:</u>

   This amount represents regular unpaid wages at the Florida minimum wage rate.

67. Defendants B I J Construction, Jose J. Blanco, and Ivan Blanco unlawfully failed to pay minimum wages to Plaintiff.

68. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

69. Defendants B I J Construction, Jose J. Blanco, and Ivan Blanco willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

70. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

## Prayer for Relief

Wherefore, Plaintiff Jose Bernal respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants B I J Construction, Jose J. Blanco, and Ivan Blanco based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Jose Bernal and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

Date:  April 30, 2024

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500
Facsimile:        (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*